1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

MYRIAM ZAYAS,

CASE NO. 2:24-cv-694

8

Plaintiff,

ORDER DISMISSING CASE

9

10

v.

JUDGE ADRIENNE MCCOY,

11

12

Defendant.

13

14      The Court must screen civil actions filed *in forma pauperis* to ensure the

15  complaint states a claim upon which relief may be granted, is not frivolous, and

16  does not seek monetary relief from a defendant immune from such relief. 28 U.S.C.

17  § 1915(e)(2). "Once a court has sufficient information to make a determination on

18  immunity, [Section 1915] mandates dismissal—even if dismissal comes before the

19  defendants are served." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016), *as

20  amended on reh'g* (Apr. 15, 2016) (citation omitted). Upon review of Plaintiff

21  Myriam Zayas's complaint, the Court finds that Zayas's claims against King County

22  Superior Court Judge Adrienne McCoy are subject to sua sponte dismissal because

23  Judge McCoy is entitled to judicial immunity.

ORDER DISMISSING CASE - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Zayas names Judge McCoy as the sole defendant in her complaint. Dkt. No. 5 at 4. She alleges Judge McCoy violated her rights by holding a "termination trial and pretend[ing] she was allowed to terminate [her] rights." Dkt. No. 5 at 4. However, setting and conducting a termination hearing are actions that fall within a state court judge's judicial capacity, and state court judges are entitled to absolute judicial immunity for acts performed within this scope. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts."). Absolute judicial immunity is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted).

Because Zayas's allegations against Judge McCoy are related to judicial process, Zayas's claims are barred by the doctrine of judicial immunity. Zayas fails to state a claim upon which relief can be granted. Because Defendant's actions which form the basis for this dispute are subject to immunity from Zayas's claims, amending the complaint would be futile. Thus, the Court DISMISSES Zayas's complaint with prejudice and without leave to amend.

Dated this 21st day of May, 2024.

ORDER DISMISSING CASE - 2

1

2

                         Jamal N. Whitehead
                         United States District Judge